UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES ROBINSON,

        Plaintiff,

        Case No. 2:24-cv-34

v.

        Honorable Maarten Vermaat

JERMEY BUSH et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. When Plaintiff filed his complaint, he paid the full filing fee. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 3.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States Magistrate Judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Bush and Corrigan. The Court will also dismiss, for failure to state a claim, Plaintiff's Fourteenth Amendment claims against remaining Defendants Benoit, Hershman, and Robinson. Plaintiff's claims against Defendants Benoit, Hershman, and Robinson for violation of Plaintiff's First Amendment rights will remain in the case.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Deputy Director

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Jermey Bush, and the following URF staff: Warden James Corrigan, Mailroom Staff K. Benoit, Acting Mailroom Staff E. Hershman, and Acting Mailroom Staff Unknown Robinson.[2] Defendants are sued in their individual capacities. (ECF No. 1, PageID.2.)

Plaintiff alleges that, on October 16, 2023, Plaintiff's post-conviction attorney mailed Plaintiff one large envelope of documents. (*Id.*; ECF No. 1-1. PageID.11.) The documents were received by the URF mailroom on "or prior to October 19, 2023." (ECF No. 1, PageID.2; ECF No. 1-4, PageID.19.) At this time, Plaintiff's legal mail was subject to MDOC Policy Directive 05.03.118, requiring the "special handling" of Plaintiff's legal mail. (ECF No. 1, PageID.3.) MDOC Policy Directive 05.03.118 ¶ FF (eff. Mar. 1, 2018) provides that inmates may request special handling for legal mail. Incoming mail subject to special handling is "opened and inspected for money, controlled substances, and other physical contraband in the prisoner's presence." *Id.* ¶ JJ. The policy explicitly states that the "content of the mail shall not be read or skimmed." *Id.*

On October 19, 2023, Plaintiff was called out of his housing unit by Defendant Robinson to receive Plaintiff's legal mail. (ECF No. 1, PageID.3.) Plaintiff saw that his mail was in 5 individual boxes. (*Id.*) Defendant Robinson opened one box and "began to thoroughly read through" Plaintiff's legal mail in Plaintiff's presence. (*Id.*) Defendant Hershman then came in to assist in inspecting Plaintiff's legal mail. (*Id.*) Plaintiff was eventually given 50 pages of documents and told to leave. (*Id.*)

Later that day, Plaintiff spoke with Defendant Hershman about the remainder of Plaintiff's legal mail. (*Id.*) Defendant Hershman told Plaintiff that Plaintiff would receive the rest of his legal mail "after *they* inspect it." (*Id.* (emphasis in original).) Plaintiff then "received a Contraband

---

[2] This Defendant is named as both "Ribinson" and "Robinson" within the Complaint. An examination of Plaintiff's allegations leads the Court to conclude that Plaintiff intends to refer to a single person. The Court will refer to this Defendant as "Robinson."

4

Removal Record authored by [D]efendant Robinson," indicating that portions of Plaintiff's legal mail had been confiscated. (*Id.*; ECF No. 1-2, PageID.13.)

The following day, October 20, 2023, Plaintiff spoke with a non-party sergeant about this matter and was told, "this is how they do it here at URF." (ECF No. 1, PageID.4.) Plaintiff attempted to resolve the issue before filing a grievance on October 25, 2023. (*Id.*)

On the evening of October 25, 2023, Plaintiff was again called out to review his legal mail. (*Id.*) When he arrived, the remaining boxes of mail were opened. (*Id.*) Defendant Hershman began "going through and reading" Plaintiff's legal mail. (*Id.*) Shortly thereafter, Defendant Hershman stopped and told Plaintiff that she was not sure that Plaintiff could have the mail with portions that had been redacted. (*Id.*) She told Plaintiff that the remainder of Plaintiff's legal mail would be sent to the mail room for approval and, if approved, "they"—which Plaintiff understood to mean Defendant Benoit—would send the documents to Plaintiff. (*Id.*) Plaintiff's legal mail was eventually returned to him on December 26, 2023 (*Id.*; ECF No. 1-4, PageID.17.)

Plaintiff alleges that Defendants Robinson, Hershman, and Benoit each opened and inspected Plaintiff's legal mail outside of Plaintiff's presence, and that Defendants Robinson and Hershman read through Plaintiff's legal mail in Plaintiffs presence. (ECF No. 1, PageID.5.) Plaintiff brings claims for the violation of his First and Fourteenth Amendment rights. (*Id.*, PageID.1, 5.) He seeks monetary damages and declaratory relief. (*Id.*, PageID.5–6.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff alleges that each Defendant violated Plaintiff's First and Fourteenth Amendment rights.

### A. Defendants Bush and Corrigan

Although Plaintiff names Defendants Bush and Corrigan as Defendants in the caption of his complaint, he does not make any factual allegations against them. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545

(holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendants Bush and Corrigan in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). For that reason alone, all individual claims against Defendants Bush and Corrigan are properly dismissed.

In the caption of his complaint, Plaintiff identifies Defendants Bush as the Deputy Director of the MDOC and Defendant Corrigan as the URF Warden. (ECF No. 1, PageID.1.) To the extent that Plaintiff seeks to impose liability on Defendants Bush and Corrigan because of their

supervisory roles, he may not do so. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege any facts suggesting that Defendants Bush and Corrigan encouraged or condoned the conduct of their subordinates related to the processing of Plaintiff's legal mail, or authorized, approved, or knowingly acquiesced in their conduct. Indeed, he fails to allege any facts at all regarding the conduct of Defendants Bush and Corrigan. Conclusory allegations of supervisory responsibility are insufficient to show that Defendant Bush and Corrigan were personally involved in the events described in Plaintiff's complaint. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

For all of the reasons set forth above, Plaintiff's claims against Defendants Bush and Corrigan will be dismissed.

### B. First Amendment Claims Against Defendants Benoit, Hershman, and Robinson

The First Amendment affords inmates the right to receive mail. *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). The Sixth Circuit has held that prison regulations governing "legal" mail are subject to a heightened standard than those governing general mail. *See Sallier v. Brooks*, 343 F.3d 868, 873– 74 (6th Cir. 2003) (finding that legal mail is entitled to a heightened level of protection to avoid impinging on a prisoner's legal rights, the attorney-client privilege, and the right to access the courts). The ability of a prisoner "to receive materials of a legal nature" implicates a fundamental right. *Kensu*, 87 F.3d at 174; *see Sallier*, 343 F.3d at 873–74. Courts have therefore extended protections to prisoners' legal mail that do not exist for general mail. For example, although "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security," *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993), "the opening of 'legal mail' should generally be in the inmate's presence." *Kensu*, 87 F.3d at 174 (citing *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974)).

"[W]hat constitutes 'legal mail' is a question of law." *Sallier*, 343 F.3d at 871. "Mail from an attorney . . . is legal mail as a matter of law." *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 643 (6th Cir. 2015) (citing *Sallier*, 343 F.3d at 877)

Plaintiff alleges that Defendants Benoit, Hershman, and Robinson each opened and inspected Plaintiff's legal mail from his post-conviction attorney outside of Plaintiff's presence despite being aware that Plaintiff's legal mail required special handling, pursuant to MDOC policy. The Court finds that Plaintiff's claims against Defendants Benoit, Hershman, and Robinson for violation of his First Amendment rights will proceed. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### C.     Fourteenth Amendment Claims Against Defendants Benoit, Hershman, and Robinson

Under the heading of "Jurisdiction and Venue," Plaintiff makes passing reference to a claim for violation of his Fourteenth Amendment rights. (ECF No. 1, PageID.1.) He does again refer to any alleged violation within the body of his Complaint.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a claim for violation of Plaintiff's right to procedural due process, Plaintiff must plead facts to show: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Plaintiff was not deprived of his property interest in his legal mail. He received the mail. Perhaps it could be argued that he had a liberty interest in receiving his legal mail and that he was deprived of that liberty interest when his mail was opened outside of his presence. But, even if such a liberty interest existed, under *Parratt v. Taylor*, 451 U.S. 527, (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986), Plaintiff would have to allege that he did not have an adequate post-deprivation remedy. *See, e.g.*, *Calhoun v. Morris*, No. 22-1795, 2023 WL 5009669, at *3 (6th Cir. July 31, 2023) (noting that even if the prisoner was deprived of a liberty interest when his mail was opened outside of his presence, "he presented no evidence that he did not have an adequate post-deprivation remedy" (citing *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010))). Because Plaintiff has not alleged that post-deprivation remedies were inadequate, if there is a liberty interest in being present for the opening of legal mail, he has failed to state a claim for deprivation of that interest.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Bush and Corrigan will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Fourteenth Amendment claims against remaining Defendants Benoit, Hershman, and Robinson. Plaintiff's claims against Defendants Benoit, Hershman, and Robinson for violation of Plaintiff's First Amendment rights remain in the case.

An order consistent with this opinion will be entered.

Dated: April 22, 2024

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge