UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROBINSON,

      Plaintiff,

                                Case No. 2:24-cv-34

v.

                                Hon. Hala Y. Jarbou

KRISTINA BENOIT et al.,

      Defendants.

_____/

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Before the court is the report and recommendation of the magistrate judge that defendants Kristina Benoit, Jake Robinson, and Erica Hershman's motion for summary judgment (ECF No. 47) on prisoner-plaintiff James Robinson's First Amendment claims be granted. (R&R, ECF No. 64.)[1] Robinson objects that the R&R ignored the first count of his amended complaint, which alleges the violation of his right under the First Amendment to receive legal mail, and instead focused exclusively on the access-to-the-courts claim advanced in the second count. (Objs., ECF No. 67.) Defendants respond that Robinson's legal-mail claim is deficient and should also be dismissed. (Resp. to Objs., ECF No. 69.) Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court agrees with the magistrate judge's conclusion that Robinson's access claim is barred by the *Preiser-Heck* doctrine, so it adopts the magistrate judge's

---

[1] To distinguish between the two Robinsons involved in this action, the Court will refer to defendant Jake Robinson as "CO Robinson" throughout this Opinion.

recommendation that that claim be dismissed for all three Defendants.  By contrast, the Court

sustains Robinson's objection as to the legal-mail claim and adjudicates Defendants' motion on

that claim in the first instance.  Because the Court concludes that the legal-mail claim fails, the

Court will grant summary judgment and dismiss the moving Defendants from this action.

### A.      Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant does not bear the burden of persuasion at trial, the necessary showing can be made

by "submitting affirmative evidence that negates an essential element of the nonmoving party's

claim," *Kava v. Peters*, 450 F. App'x 470, 473 (6th Cir. 2011) (cleaned up), or by "pointing out the

lack of evidence to support an essential element" of that claim, *Rockwood Auto Parts, Inc. v. Monroe

County*, 155 F.4th 557, 566 (6th Cir. 2025) (cleaned up).  The nonmovant must then present

"sufficient evidence from which a jury could reasonably find in its favor." *Davis v. Sig Sauer, Inc.*,

126 F.4th 1213, 1230 (6th Cir. 2025) (cleaned up).  Summary judgment is not an opportunity for the

Court to resolve factual disputes. *Id*.  The Court "must shy away from weighing the evidence and

instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable

inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

### B.      Access to the Courts

Robinson does not appear to object to the R&R's determination that his access-to-the-

courts claim is barred under the rule of *Preiser v. Rodriguiez*, 411 U.S. 475, 494 (1973), and *Heck

v. Humphrey*, 512 U.S. 477 (1994), which excludes claims that lie within the bounds of habeas

corpus from the scope of 42 U.S.C. § 1983's universal right of action.  The R&R correctly found

that Robinson's claim, which seeks only damages relief, is squarely foreclosed by *Sampson v.

Garrett*, 917 F.3d 880 (6th Cir. 2019).  *Sampson* holds that success on an access-to-the-courts

claim seeking money damages based on allegations that prison officials interfered with a prisoner's

challenge to his conviction would necessarily imply the invalidity of that conviction, and thus

would be barred by *Preiser-Heck. Id.* at 882; *see Smith v. Burks*, No. 22-1879, 2023 WL 6377609,

at *2 (6th Cir. July 19, 2023).  Those are the exact circumstances presented here.  Accordingly,

the Court will grant summary judgment on Robinson's access-to-the-courts claim.

### C.    Receipt of Legal Mail

Robinson's verified complaint alleges that Defendants inspected his legal mail in violation

of the First Amendment.[2]  (Verified Compl. ¶ 10, ECF No. 1.)  Although inmates have a First

Amendment right to communicate with the outside world by sending and receiving mail,

*Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989), that right is not absolute; prisons may restrict an

inmate's right to send mail so long as their policies are "reasonably related to legitimate

penological interests," *Turner v. Safley*, 482 U.S. 78, 89 (1987).  "[C]apricious interference with a

prisoner's incoming mail based upon a guard's personal prejudices," by contrast, "violates the

First Amendment." *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).  In particular, "'blatant

disregard' for mail handling regulations concerning legal mail violates constitutional protections."

*Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009) (quoting *Lavado v. Keohane*, 992 F.2d

601, 611 (6th Cir. 1993)).

### 1.    Benoit

Defendants first argue that Benoit lacked the requisite personal involvement for section

1983 liability.  (Br. in Supp. of Defs.' MSJ 14, ECF No. 48.)  It is axiomatic that a defendant

cannot be held liable under section 1983 absent a showing that they personally participated in, or

---

[2] Although Robinson subsequently filed an unverified amended complaint (ECF No. 28), Robinson may rely on the verified complain to resist summary judgment. *See Totman v. Louisville Jefferson Cnty. Metro Gov't*, 391 F. App'x 454, 463–64 (6th Cir. 2010) (treating allegations in superseded veriﬁed complaint as summary-judgment evidence).

otherwise authorized, approved, or knowingly acquiesced in, allegedly unconstitutional conduct. *See Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982).

Here, Robinson's deposition testimony shows that his allegations against Defendant Benoit were utterly speculative. Robinson admitted during his deposition that he had no basis for alleging that Benoit opened his mail because she was the mailroom supervisor. (ECF No. 48-3, PageID.215-16.) The Court is obliged to "credit" Robinson's "later testimony" over the contrary "allegations in his complaint." *Leary v. Livingston County*, 528 F.3d 438, 444 (6th Cir. 2008). What Robinson admitted during his deposition is bolstered by Benoit's affirmation that she did not review or even hold Robinson's legal mail. (ECF No. 48-4, PageID.241-42.) "A mailroom employee, by virtue of her position alone, does not become the insurer of an inmate's constitutional rights." *Salem v. Warren*, 609 F. App'x 281, 284 (6th Cir. 2015). Robinson's attempt to turn Benoit into one cannot succeed. The Court will grant Benoit summary judgment.

       *2.     COs Robinson and Hershman*

Next, Defendants argue that COs Robinson and Hershman's alleged conduct did not violate the First Amendment because Robinson accused them only of reading his mail on one occasion. (MSJ Br. 16–17; *see* Verified Compl. ¶¶ 5–7.) In support of this argument, Defendants rely on a line of cases beginning with *Johnson v. Wilkinson*, 229 F.3d 1152 (6th Cir. 2000) (unpublished table decision), which holds that "random and isolated interference" with prisoners' mail does not transgress constitutional limitations. (*See* MSJ Br. 15–16.) But the application of *Johnson* to Robinson's claim is not as straightforward as Defendants make it out to be. *Johnson*'s sole authority for the "random and isolated interference" exception is an Eighth Circuit case that explicitly ties the exception to inadvertence. *See Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). The only Sixth Circuit case that cites *Johnson*—one turning on an entirely different First

4

Amendment norm—reaffirms the relevance of intent in determining whether a single infringement on a prisoner's rights amounts to a constitutional deprivation.  *See Colvin v. Caruso*, 605 F.3d 282, 293–94 (6th Cir. 2010) (discussing both the "isolated" character of the alleged violations and the absence of "evidence that the isolated mistakes were willful").  A recent unpublished opinion relies on *Colvin* for the proposition that a "limited and isolated event does not rise to the level of a constitutional violation," but the case does not suggest, as Defendants do, that a single incident can never give rise to an actionable legal-mail claim.  *See Smith v. Goostrey*, No. 23-1025, 2023 WL 5024659, at *3 (6th Cir. Aug. 4, 2023) (citing *Colvin*, 605 F.3d at 293).  On the other hand, the Sixth Circuit reaffirmed the general availability of legal-mail claims in *Merriweather v. Zamora* without any reference to the supposed requirement that there be more than one instance of interference.  569 F.3d at 317.

Notwithstanding these limits on the *Johnson* rule's reach, district courts in this circuit have treated *Goostrey* as "confirm[ing] that a single incident of tampering with legal mail" works no constitutional injury.  *Eads v. Strada*, No. 1:24-cv-1076, 2026 WL 114367, at *5 (W.D. Tenn. Jan. 15, 2026); *accord Herman v. Corrigan*, No. 2:25-cv-157, 2025 WL 2405947, at *4 (W.D. Mich. Aug. 20, 2025); *McDaniel v. Jackson*, No. 22-11092, 2024 WL 1307861, at *4 (E.D. Mich. Mar. 27, 2024).  This expansive reading of *Goostrey* conflicts with the notion that a "prisoner's interest in unimpaired, confidential communication with an attorney" is so "integral" a "component of the judicial process" that it merits protection as a "fundamental right."  *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003); *see Guajardo-Palma v. Martinson*, 622 F.3d 801, 803 (7th Cir. 2010) (Posner, J.) (describing the "effects of denying or impairing the right" to legal mail as potentially "disastrous").[3]  In no other context known to this Court is the violation of a fundamental right

---

[3] *See also* Garner et al., The Law of Judicial Precedent 82 (2016) (discussing "repeatedly asserted . . . principle" that language in an opinion is without "precedential force unless it is relevant 'to those points of law which are raised by

excused by the violation's uniqueness.  Constitutional guarantees are not so flimsy as to be subject to a one-time-only exception.

If frequency is intended to serve as a proxy for the "de minimis" character of a violation, it would be better to make that function explicit.  *See Brandon v. Kinter*, 938 F.3d 21, 36 n.11 (2d Cir. 2019) (citing *Colvin*, 605 F.3d at 293).  The Second Circuit has adopted just such a formula, holding that "an isolated incident of mail tampering is *usually* insufficient to establish a constitutional violation."  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (emphasis added).  However, "as few as two incidents of mail tampering" may be actionable if suggestive of unjustified, ongoing censorship or if the prisoner's access to the courts or legal representation was impaired.  *Id.*  This test promotes the prompt dismissal of claims bereft of allegations of injury while preserving the availability of relief for isolated interferences that cause actual harm.  *See Mangiaracina v. Penzone*, 849 F.3d 1191, 1197 (9th Cir. 2017) ("[E]ven isolated incidents of improper mail opening may, in appropriate circumstances, be sufficient to allege a Sixth Amendment violation." (citing *Merriweather*, 569 F.3d at 317)).  It is also one that accords with *Goostrey*: as the Eastern District of Michigan noted in *McDaniel v. Jackson*, the Sixth Circuit did not reject this Court's preserving the possibility that "under some circumstances, even one instance of improperly processing legal mail could violate an inmate's constitutional rights" when it affirmed the Court's dismissal of the legal-mail claim presented in that case.  No. 22-11092, 2024 WL 1307861, at *5 (quoting *Smith v. Goostrey*, No. 1:22-cv-753, 2022 WL 17579095, at *8 (W.D. Mich. Dec. 12, 2022), *aff'd in part, vacated in part*, No. 23-1025, 2023 WL 5024659).

---

the record, considered by the court, and necessary to a decision'" (quoting Black, Handbook on the Law of Judicial Precedents § 11, at 49 (1912)).

Measured against this standard, Robinson's legal-mail claim falls short.  Assuming arguendo that Defendants' mishandling of the envelope Robinson received in October 2023 constituted multiple interferences because of the number of papers the envelope contained (*see* R&R 3–4), Robinson has not submitted evidence that Defendants tampered with his mail regularly or that his relationship with his attorney was in any way affected by Defendants' conduct.  That suffices to defeat Robinson's claim to the extent it rests on Defendants' review of his legal mail outside his presence.

Robinson also contends in his objections that he was harmed by Defendants' destruction of some of the mail they withheld for inspection, but his argument is unaccompanied by any citation to the record.  (Objs. 5; *see* MSJ Opp'n 10–14, ECF No. 56.)  As Defendants correctly point out, in neither of his complaints did Robinson allege that he was permanently deprived of any of his legal mail.  (Resp. to Objs. 3.)  Benoit's response to Robinson's interrogatories, which suggests that some of the mail was misplaced for two months but later found, cuts against Robinson's position.  (ECF No. 67-5, PageID.442.)  And even if the mislaid materials were permanently lost, that injury would not suffice to state a legal-mail claim absent evidence that Defendants were responsible for their disappearance—another subject that Robinson's evidence does not reach.  *See Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").  Because the interpretation of the evidentiary record most favorable to Robinson does not reveal the existence of a genuine dispute of material fact over "the establishment of an ongoing practice by prison officials of interfering with his mail []or any harm suffered by him from the tampering," *Goord*, 320 F.3d at 352, COs Robinson and Hershman are entitled to summary judgment.

D.      Conclusion

Both of Robinson's claims arising from Defendants' handling of his legal mail fail. Robinson's access-to-the-courts claim is *Heck*-barred, and his legal-mail claim fails for want of a genuine dispute over Defendants' involvement in a substantial interference with Robinson's right to counsel.   The Court will therefore adopt the R&R's analysis of the first claim and grant Defendants' summary-judgment motion in full.

IT IS ORDERED that the R&R (ECF No. 64) is ADOPTED as to Robinson's access-to-the-courts claim.

IT IS FURTHER ORDERED that Robinson's objection to the R&R's neglect of his legal-mail claim (ECF No. 67) is SUSTAINED.  His remaining objections are OVERRULED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 47) is GRANTED.

Robinson's claim against defendant Diane Edington remains pending.

Dated: February 27, 2026                              /s/ Hala Y. Jarbou
                                                      HALA Y. JARBOU
                                                      CHIEF UNITED STATES DISTRICT JUDGE

8